IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTOFFER BOWEN,           Plaintiff,    v. OFFICER #R8567, et al.,           Defendants. | Case No. C 15-4757 PSG (PR) **ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED** |

Kristoffer Bowen, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves the complaint on defendant Officer #R8567 at the Santa Clara County Main Jail.

**I. DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] Bowen has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

Case No. C 15-4757 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

1  seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its
2  review, the court must identify any cognizable claims and dismiss any claims that are frivolous,
3  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a
4  defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally
5  construed.[4]

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8  the alleged deprivation was committed by a person acting under the color of state law.[5]

9  B.  Bowen's Claim

10  On February 22, 2014, Bowen was taken to the Santa Clara County Main Jail for
11  fingerprinting.  Defendant Officer #R8576 and defendant Officer John Doe escorted him.
12  Bowen was wearing waist chains.  One defendant whispered to Bowen, "I got something for
13  you."  Then, Bowen felt his one of the defendants tightening Bowen's waist chain to the point
14  where he could not breathe.  Bowen told the defendants he could not breathe.  Defendants
15  laughed.  Bowen then blacked out and fell, hitting his head on the fingerprint machine.  When
16  Bowen regained consciousness, he had blood all over him and a gash on his head.

17  The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from
18  the use of excessive force that amounts to punishment.[6]  To prevail under 42 U.S.C. § 1983, a
19  pretrial detainee must show only that the "force purposely or knowingly used against him was

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (recognizing that the Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee).

Case No. C 15-4757 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

objectively unreasonable."[7]  Liberally construed, Bowen states a cognizable claim of excessive force.

Bowen states that he does not know the name of the other defendant.  The use of Doe defendants is not favored in the Ninth Circuit.[8]  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.[9]  Failure to afford the plaintiff such an opportunity is error.[10]  Accordingly, the claim against defendant John Doe is DISMISSED from this action without prejudice.  Should Bowen learn the identity of Doe defendant through discovery, he may move to file an amended complaint to add him as a named defendant.[11]

To the extent Bowen names Santa Clara County as a defendant, it is DISMISSED with leave to amend.  Local governments are "persons subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort; however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.[12]  To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.[13]  As currently pled, Bowen has not stated a cognizable claim against Santa Clara County.  If Bowen believes that he can state a cognizable

---

[7] *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

[8] *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[9] *See id.*

[10] *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

[11] *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195?98 (9th Cir. 2003).

[12] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

[13] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

1   claim against Santa Clara County, he may amend his complaint within thirty days.

## II. CONCLUSION

The court orders as follows:

1. Doe defendant is DISMISSED without prejudice. Santa Clara County is DISMISSED with leave to amend.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a Magistrate Judge consent form, and a copy of this order to **Officer #R8567** at **the Santa Clara County Main Jail**. The Clerk also shall mail a courtesy copy of the complaint and a copy of this order to the County Counsel at 70 West Hedding Street, East Wing, 9th Floor, San Jose, CA 95110-1770.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of Bowen, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Fed. R. Civ. P. 12(a)(1)(B), defendant will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than sixty (60) days from the date the waiver is sent, defendant shall file one comprehensive motion for summary judgment or other dispositive motion with respect to the

Case No. C 15-4757 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

4

1 cognizable claims in the complaint.  At that time, defendant shall also submit the Magistrate
2 Judge's consent form.
3      Any motion for summary judgment shall be supported by adequate factual documentation
4 and shall conform in all respects to Fed. R. Civ. P. 56.  Defendants are advised that summary
5 judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If
6 defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so
7 inform the court prior to the date the summary judgment motion is due.
8      5.     Bowen's opposition to the dispositive motion shall be filed with the court and
9 served on defendant no later than twenty-eight (28) days from the date defendant's motion is
10 filed.  Bowen is advised to read Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
11 (holding party opposing summary judgment must come forward with evidence showing triable
12 issues of material fact on every essential element of his claim).
13      6.     Defendant shall file a reply brief no later than fourteen (14) days after Bowen's
14 opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.
15 No hearing will be held on the motion unless the court so orders at a later date.
16      7.     All communications by Bowen with the court must be served on defendant or
17 defendant's counsel, by mailing a true copy of the document to defendant or defendant's
18 counsel.
19      7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
20 No further court order is required before the parties may conduct discovery.
21      8.     It is Bowen's responsibility to prosecute this case.  Bowen must keep the court
22 and all parties informed of any change of address and must comply with the court's orders in a
23 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
24 pursuant to Fed. R. Civ. P. 41(b).
25      IT IS SO ORDERED.
26 DATED: __1/7/2016__

                        PAUL S. GREWAL
27                         United States Magistrate Judge
28 Case No. C 15-4757 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED