UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOFFER BOWEN, AZ9235,<br><br>    Plaintiff,<br><br>    v.<br><br>JARRET WRIGHT, Correctional Deputy,<br><br>    Defendant(s). | Case No. 15-4757 SK (PR)<br><br>**ORDER OF SERVICE OF FIRST AMENDED COMPLAINT**<br><br>(ECF No. 25) |

Plaintiff, a former pretrial detainee at the Santa Clara County Jail (SCCJ), has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that on February 22, 2014, while being booked into SCCJ, Correctional Deputy Jarret Wright "tightened [his] waist chains to the point [he] couldn't breath[e]" and he "lost consciousness" and fell, hitting and injuring his head. FAC (ECF No. 25) at 3.

The FAC is properly before the undersigned for screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). But the Fourth Amendment's reasonableness standard sets the applicable constitutional limitations on the treatment of a pre-arraignment detainee. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996). Liberally construed, plaintiff's allegations that, during the course of booking him, Correctional Deputy Jarret Wright tightened his waist chain to the point where he could not breathe and he lost consciousness and fell, hitting and injuring his head, states a cognizable § 1983 claim for damages against Wright for use of excessive force in violation of the Fourth Amendment.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the operative FAC (ECF No. 25) in this matter and all attachments thereto, (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that each defendant consent or decline to consent within 28 days of receipt of service), and (3) a copy of this order on Correctional Deputy Jarret Wright at SCCJ. The clerk also shall serve a copy of this order on plaintiff.

2.	In order to expedite the resolution of this case, the court orders as follows:

    a.	No later than 60 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion.  A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendant shall so inform the court prior to the date his/her motion is due.  All papers filed with the court shall be served promptly on plaintiff.

    b.	Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c.	Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the

3

1  party who asked for summary judgment is entitled to judgment as a matter of law, which
2  will end your case.  When a party you are suing makes a motion for summary judgment
3  that is properly supported by declarations (or other sworn testimony), you cannot simply
4  rely on what your complaint says.  Instead, you must set out specific facts in declarations,
5  depositions, answers to interrogatories, or authenticated documents, as provided in [current
6  Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents
7  and show that there is a genuine issue of material fact for trial.  If you do not submit your
8  own evidence in opposition, summary judgment, if appropriate, may be entered against
9  you.  If summary judgment is granted, your case will be dismissed and there will be no
10 trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

11         Plaintiff also is advised that a motion to dismiss for failure to exhaust available
12 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit
13 without prejudice.  You must "develop a record" and present it in your opposition in order
14 to dispute any "factual record" presented by the defendants in their motion to dismiss.
15 Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present
16 any evidence to show that you did exhaust your available administrative remedies before
17 coming to federal court.  Such evidence may include: (1) declarations, which are
18 statements signed under penalty of perjury by you or others who have personal knowledge
19 of relevant matters; (2) authenticated documents – documents accompanied by a
20 declaration showing where they came from and why they are authentic, or other sworn
21 papers such as answers to interrogatories or depositions; (3) statements in your complaint
22 insofar as they were made under penalty of perjury and they show that you have personal
23 knowledge of the matters state therein.  In considering a motion to dismiss for failure to
24 exhaust, the court can decide disputed issues of fact with regard to this portion of the case.
25 Stratton, 697 F.3d at 1008-09.

26         (The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation
27 to serve said notices again concurrently with motions to dismiss for failure to exhaust
28 available administrative remedies and motions for summary judgment.  Woods, 684 F.3d

4

at 935.)

        d.    Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 8, 2016

_____
SALLIE KIM
United States Magistrate Judge